GENTRY *v.* REPUBLIC UNDERWRITERS.

4-3744

Opinion delivered February 4, 1935.

*Walter L. Pope,* Attorney General, for appellant.
*DuVal L. Purkins,* for appellee.

McHANEY, J. Appellant has correctly stated the case as follows:

"The appellee is an inter-insurance exchange organized and existing under the laws of the State of Texas. On March 1, 1934, said exchange applied to appellant for authority to do business in this State, setting out in its application the kinds of insurance it desired to write, among which was listed fidelity and surety insurance. Appellant issued to appellee a certificate of authority permitting it to write fire, liability and plate

glass insurance, but denied to it the privilege of writing fidelity and surety insurance. Appellant's refusal was based on the ground that appellee had not qualified as a surety company, and had not made and filed the $50,000 qualifying bond required of surety companies.

"The appellee filed its petition in the Pulaski Circuit (Court) Second Division, for a writ of mandamus to compel the appellant to extend its authority to permit the writing of surety business, to which petition appellant responded. Upon a trial of the cause judgment was entered in favor of the appellee, and a writ of mandamus was issued directing the appellant to extend the authority issued to appellee to permit the writing of fidelity and surety contracts. From the order of the court granting appellee's petition this appeal is taken."

Section 6045, *et seq.*, Crawford & Moses' Digest, authorize and regulate the exchange of reciprocal or inter-insurance contracts. These sections are taken from act 152 of 1915. Section 6056 provides: "Except as herein provided, no law of this State relating to insurance shall apply to the exchange of such indemnity contracts." Section 6045 reads as follows:

"Individuals, partnerships and corporations of this State, hereby designated subscribers, are hereby authorized to exchange reciprocal or inter-insurance contracts with each other, or with individuals, partnerships and corporations of other States and countries, providing indemnity among themselves for any loss which may be insured against under other provisions of the laws, excepting life insurance."

Act 493 of the Acts of 1921 provides, in § 1, that corporations may be formed or enter this State to effect insurances for the following purposes: Fifteen kinds of insurance are then listed including, fire, marine, life, disability, liability, steam boiler, fidelity and surety, title, credit, burglary, plate glass, sprinkler leakage, elevator, live stock, and other casualty insurance. The concluding part of § 1 is as follows: "Companies formed on the stock or mutual plan may transact any kind of insurance authorized by this section, unless capital stock is specifi-

cally required by law, and reciprocal or inter-insurance associations may transact any business authorized by this section other than life, and companies other than mutual assessment companies shall maintain proper and legal reserves on business written in this State.''

Appellant admits that, under a strictly literal construction of act 152, *supra,* the Legislature seems to confer upon inter-insurance exchanges the right to write any kind of insurance permitted by the laws of this State excepting only life insurance. Appellant might well have admitted also that act 493, *supra,* confers upon such inter-insurance exchanges the same right. It is argued by appellant however that the Legislature did not mean just exactly what it said. It is insisted that the Legislature intended that the risks to be written by reciprocal exchanges should be reciprocal. In other words, that, to preserve the idea of reciprocity, it is necessary that the contracts of an exchange be restricted to one line or to several allied lines. In other words, if it wrote a fire policy for one subscriber, a plate glass for another, an accident or liability policy for another, and so on, the result would be a conglomeration of different risks with no mutuality or reciprocity among them. We assume, however, that the risks taken by such an exchange would be classified, putting all of a similar line in one class.

We think the statutes above quoted from are too plain for construction. They simply provide that such exchanges may engage in any kind of insurance named except life insurance. It is insisted that it would be absurd to permit such exchanges to engage in the fidelity and surety insurance business, and especially to write official bonds. This is an argument that might well be addressed to the Legislature with much force. The right to transact insurance business and the various kinds of insurance business is purely statutory, and we do not feel that we have the right to legislate upon this question. The language of the acts above quoted is unambiguous, and we have no right to refuse to enforce it as written. Affirmed.